IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **LaJean Grant Turner,**<br><br>                    Plaintiff,<br><br>v.<br><br>**Diversified Maintenance Systems, LLC,**<br><br>                    Defendant. | Case No.<br><br><br>**Complaint for Damages** |

## Parties, Jurisdiction, and Venue

1. Plaintiff Lajean Grant Turner is a citizen of Georgia.

2. Defendant Diversified Maintenance Systems, LLC is a Delaware corporation with its principal place of business in Florida.

3. Defendant may be served with process through its registered agent for service, 9040 Roswell Road, Suite 500, Atlanta, GA, 30350, within the Atlanta Division of the U.S. District Court for the Northern District of Georgia.

4. The location where the incident described below occurred is within the Atlanta Division of the U.S. District Court for the Northern District of Georgia.

5. Defendant operates a business for profit that contracts with commercial premises owners to perform cleaning services.

6. Defendant is subject to the jurisdiction and venue of this Court pursuant to

28 U.S.C. § 1332 because Plaintiff and Defendant have complete diversity of citizenship and the amount in controversy exceeds $75,000.00.

## Facts and Background

7. On or about September 28, 2019, Defendant was responsible for performing cleaning services at the Macy's store (the "Store") in South DeKalb Mall, located at 2801 Candler Rd, Decatur, GA 30034 ("the Store").

8. Defendant's duties and responsibilities included cleaning and maintaining the Store's floors.

9. On the same date, Plaintiff Lajean Grant Turner visited the Store to shop.

10. At all times material to this action, Plaintiff was a customer and invitee at the Store.

11. While shopping, Plaintiff needed to use the restroom. As Plaintiff was walking to the Macy's bathroom, she suddenly and without warning slipped on liquid and fell hard to the floor.

12. Plaintiff did not know the liquid was on the floor before she fell.

13. Plaintiff suffered serious injuries as a result of her fall, requiring surgery.

## Defendant's Negligence

14. At the time and location Plaintiff fell, Defendant had a duty to keep the floor clean and free of hazards.

15. At the time and location Plaintiff fell, Defendant had a duty to exercise reasonable care while conducting cleaning operations to avoid creating hazards that may injure others, including Plaintiff.

16. At the time and location Plaintiff fell, Defendant had a duty to exercise reasonable care to discover and remove hazards that may injure others, including Plaintiff.

17. At the time Plaintiff fell, Defendant controlled and/or maintained the floors where Plaintiff fell.

18. Defendant had prior actual and/or constructive knowledge of a slip hazard on the floor, yet allowed it to exist as of the time Plaintiff fell.

19. Defendant is liable to Plaintiff for creating the slip hazard.

20. The slip hazard was liquid on the floor.

21. The liquid on the floor created a dangerous condition for invitees, including Plaintiff.

22. At the time Plaintiff fell, the liquid on the floor was not delineated, marked, or otherwise made apparent to invitees, including Plaintiff.

23. Defendant knew about the dangerous condition of the floor before Plaintiff fell, but failed to clean it up or to warn Plaintiff that it was there.

24. In the course of reasonable care, including inspections and maintenance, Defendant, and its managers, agents, and/or its employees, should have discovered the liquid on the floor before Plaintiff fell, but failed to do so.

25. In the course of reasonable care, Defendant and its managers, agents, and/or its employees, should have alerted invitees to the presence of liquid on the floor before Plaintiff fell, but failed to do so.

26. In the course of reasonable care, Defendant and its managers, agents, and/or its employees, should have blocked off and/or barricaded the area

of the floor before Plaintiff fell, but failed to do so.

27. Defendant failed to have in place, and/or failed to follow, reasonable procedures for inspecting the floor to discover dangerous conditions that could pose a risk of injury to invitees.

28. Defendant failed to have in place, and/or failed to follow, reasonable procedures for placing proper signage in or around a slip hazard to warn of the dangerous condition that could pose a risk of injury to invitees.

29. Accordingly, Defendant failed to exercise reasonable care to avoid injuring others, including Plaintiff.

30. Defendant was negligent by:

    30.1. Active negligence by creating the slip hazard;

    30.2. Failing to discover the slip hazard within a reasonable time;

    30.3. Allowing the slip hazard to remain on the floor;

    30.4. Failing to barricade or block off the slip hazard; and/or

    30.5. Failing to warn Plaintiff about the slip hazard.

31. As a result of Defendant's negligence, Plaintiff slipped on the hazard and fell to the floor below.

32. Before she fell, Plaintiff lacked equal knowledge of the hazard despite exercising reasonable care for her own safety.

33. The fall caused by Defendant resulted in serious personal injuries to Plaintiff.

34. As a result, Defendant, through its employees, agents, and representatives,

is liable to Plaintiff for its failure to exercise ordinary care to keep the premises safe on September 28, 2019.

## Damages

35. As a proximate and foreseeable result of Defendant's negligence, Plaintiff suffered personal injuries, endured pain and suffering, mental anguish, loss of the enjoyment of life, and other damages as will be proven at trial and permitted under Georgia law.

36. Defendant is liable for the injuries and damages Plaintiff incurred in the incident described herein, including pain and suffering and all other elements of damages allowed under the laws of the State of Georgia.

37. Plaintiff incurred reasonable and necessary medical expenses as a result of Defendant's negligence in excess of $70,000.00 to date, the precise amount to be proven at trial.

38. Plaintiff suffered damages, including but not limited to:

　　38.1.　personal injuries;

　　38.2.　past, present, and future pain and suffering;

　　38.3.　disfigurement;

　　38.4.　mental anguish;

　　38.5.　loss of capacity for the enjoyment of life;

　　38.6.　incidental expenses;

　　38.7.　past, present, and future medical expenses; and

　　38.8.　consequential damages to be proven at trial.

39. Plaintiff respectfully requests the following relief:

   39.1. process issue as provided by law;

   39.2. trial by jury of 12 against Defendant;

   39.3. judgment be awarded to Plaintiff and against Defendant;

   39.4. Plaintiff be awarded damages in amounts to be shown at trial; and

   39.5. Plaintiff have such other relief as this Court deems just and appropriate.

Respectfully submitted on September 24, 2021, by:

*(signature)*

**The York Firm LLC**  
1776 Briarcliff Rd. NE  
Suite 200  
Atlanta, GA 30306  
404.990.3388  
470.357.6011 fax  
arthur@theyorkfirm.com

Arthur R. York  
Georgia Bar No. 204065

**Attorney for Plaintiff**

<ins>CERTIFICATE OF COMPLIANCE WITH L.R. 5.1</ins>

This is to certify that the foregoing pleading complies with the font and point selections approved by the Court in Local Rule 5.1.  It is prepared in Book Antiqua 13-point font.

Respectfully submitted on September 24, 2021, by:

**The York Firm LLC**  
1776 Briarcliff Rd. NE  
Suite 200  
Atlanta, GA 30306  
404.990.3388  
470.357.6011 fax  
arthur@theyorkfirm.com

Arthur R. York  
Georgia Bar No. 204065

**Attorney for Plaintiff**