IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISCTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| LAJEAN GRANT TURNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 1:21-CV-03954-ELR |
| | ) | |
| DIVERSIFIED MAINTENANCE SYSTEMS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER AND DEFENSES OF DEFENDANT DIVERSIFIED MAINTENANCE SYSTEMS, LLC

COMES NOW, Defendant Diversified Maintenance Systems, LLC, (hereinafter referred to as "Defendant"), and responds to the Complaint filed by Lajean Grant Turner (hereinafter referred to as "Plaintiff"). Discovery has just commenced and no written discovery or depositions have been undertaken or completed that would allow Defendant to fully evaluate the issues regarding liability, damages, and defenses. Accordingly, this Defendant responds with its preliminary answer and defenses. Without waiving this prefatory position, Defendant responds as follows:

## AFFIRMATIVE DEFENSES

## FIRST DEFENSE

Defendant asserts that the Complaint fails to state a claim upon which relief can be granted and, therefore, should be dismissed.

## SECOND DEFENSE

Defendant hereby reserves his right to amend its Answer to assert any other appropriate claims and/or defenses if such claims and/or defenses are supported by the facts and evidence that are determined after Defendant conducts further investigation and discovery and has had an opportunity to depose Plaintiff and other witnesses, and Defendant hereby puts all parties on notice that if such defenses are supported by the facts, Defendant will seek to amend its Answer at such appropriate time.

## THIRD DEFENSE

Defendant asserts that the injuries and damages alleged by the Plaintiff may not have been proximately caused by any actions on the part of this Defendant or any entity or persons for whose actions this Defendant is legally liable.

## FOURTH DEFENSE

Defendant asserts that Plaintiff has failed to mitigate damages.

## FIFTH DEFENSE

The Plaintiff's injuries may be the result of the comparative or contributory negligence of the Plaintiff.

## SIXTH DEFENSE

The Plaintiff may not be able to recover because the Plaintiff by the exercise of ordinary care may have been able to avoid the consequences of any act, or failure to act, by Defendant.

## SEVENTH DEFENSE

Defendant took all necessary measures to avoid the occurrence alleged in Plaintiff's Complaint.

## EIGHTH DEFENSE

Defendant asserts any alleged dangers connected with the alleged losses and injuries may have been at all times open and obvious to the Plaintiff.

## NINTH DEFENSE

The claims of the Plaintiff are barred by the doctrines of assumption of risk and/or "avoidable consequences."

## TENTH DEFENSE

The Complaint fails to establish that this Defendant breached any duties owed to the Plaintiff.

## ELEVENTH DEFENSE

The Defendant asserts that if the evidence shows that the Plaintiff was negligent in bringing about the injuries and damages set forth in the Complaint for

Damages, and said negligence was equal to or greater than any negligence on behalf of the Defendant, Plaintiff is not entitled to damages.

**TWELFTH DEFENSE**

The injuries and damages complained of by Plaintiff may have been the result of actions or omissions by a third-party or parties for whom Defendant is not responsible, and therefore, Plaintiff is not entitled to recover from Defendant.

**THIRTEENTH DEFENSE**

Accord and satisfaction, discharge, estoppel, laches, payment, release, and waiver.

**ANSWER**

**Parties, Jurisdiction, and Venue**

1.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Plaintiff's Complaint.

2.

Defendant denies that it is a corporation and admits that it is a Delaware Limited Liability Company with its principal place of business in Tampa, Florida.

3.

Defendant admits that it may be served with process through its registered agent, INCORP SERVICES, INC., 9040 Roswell Road, Suite 500, Atlanta, GA 30350.

4.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Plaintiff's Complaint.

5.

Defendant admits that operates a business for profit which involves contracting to perform limited janitorial services at store locations that it does not own, operate, or control.

6.

Defendant admits that none of the unit holders of the sole member of Defendant were citizens of the State of Georgia at the time this action was commenced, nor are they currently citizens of the State of Georgia. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 4 of the Plaintiff's Complaint.

**Facts and Background**

7.

Defendant admits that on or about September 28, 2019, it had contracted with Macy's Corporate Services, Inc. to provide limited janitorial services at the Macy's store located inside South DeKalb Mall at 2801 Candler Road, Decatur, GA 30034.

8.

Defendant admits that on or about September 28, 2019, it had contracted with Macy's Corporate Services, Inc. to provide limited janitorial services at the Macy's store located inside South DeKalb Mall at 2801 Candler Road, Decatur, GA 30034, but denies the remaining allegations contained in Paragraph 8 of the Plaintiff's Complaint as pled.

9.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Plaintiff's Complaint.

10.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Plaintiff's Complaint.

11.

Defendant denies the allegations contained in Paragraph 11 of the Plaintiff's Complaint.

12.

Defendant without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Plaintiff's Complaint.

13.

Defendant without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Plaintiff's Complaint.

**Defendant's Negligence**

14.

Defendant denies the allegations contained in Paragraph 14 of the Plaintiff's Complaint.

15.

Defendant denies the allegations contained in Paragraph 15 of the Plaintiff's Complaint.

16.

Defendant denies the allegations contained in Paragraph 16 of the Plaintiff's Complaint.

17.

Defendant denies the allegations contained in Paragraph 17 of the Plaintiff's Complaint.

18.

Defendant denies the allegations contained in Paragraph 18 of the Plaintiff's Complaint.

19.

Defendant denies the allegations contained in Paragraph 19 of the Plaintiff's Complaint.

20.

Defendant denies the allegations contained in Paragraph 20 of the Plaintiff's Complaint.

21.

Defendant denies the allegations contained in Paragraph 21 of the Plaintiff's Complaint.

22.

Defendant denies the allegations contained in Paragraph 22 of the Plaintiff's Complaint.

23.

Defendant denies the allegations contained in Paragraph 23 of the Plaintiff's Complaint.

24.

Defendant denies the allegations contained in Paragraph 24 of the Plaintiff's Complaint.

24.

Defendant denies the allegations contained in Paragraph 25 of the Plaintiff's Complaint.

26.

Defendant denies the allegations contained in Paragraph 26 of the Plaintiff's Complaint.

27.

Defendant denies that it had a general duty to inspect floors at said location and denies the specific the allegations contained in Paragraph 27 of the Plaintiff's Complaint.

28.

Defendant denies the allegations contained in Paragraph 28 of the Plaintiff's Complaint.

29.

Defendant denies the allegations contained in Paragraph 29 of the Plaintiff's Complaint.

30.

Defendant denies the allegations contained in Paragraph 30 of the Plaintiff's Complaint, including 30.1, 30.2, 30.3, 30.4, and 30.5.

31.

Defendant denies the allegations contained in Paragraph 31 of the Plaintiff's Complaint.

32.

Defendant denies the allegations contained in Paragraph 32 of the Plaintiff's Complaint.

33.

Defendant denies the allegations contained in Paragraph 33 of the Plaintiff's Complaint.

34.

Defendant denies the allegations contained in Paragraph 34 of the Plaintiff's Complaint.

**Damages**

35.

Defendant denies the allegations contained in Paragraph 35 of the Plaintiff's Complaint.

36.

Defendant denies the allegations contained in Paragraph 36 of the Plaintiff's Complaint.

37.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Plaintiff's Complaint regarding the amount of Plaintiff's alleged medical expenses, and Defendant denies the remaining allegations contained in Paragraph 37 of the Plaintiff's Complaint.

38.

Defendant denies the allegations contained in Paragraph 38 of the Plaintiff's Complaint, including 38.1, 38.2, 38.3, 38.4, 38.5, 38.6, 38.7, and 38.8.

39.

Defendant denies the allegations contained in Paragraph 39 of the Plaintiff's Complaint, including 39.1, 39.2, 39.3, 39.4, and 39.5.

### Wherefore Paragraph // Ad Damnum Clause

To the extent the "Wherefore" paragraph (Ad damnum clause) contained in the Plaintiff's Complaint requires a response, Defendant denies the same including – but not limited to – Subparts 39.1, 39.2, 39.3, 39.4, and 39.5.

**WHEREFORE**, Defendant respectfully prays as follows:

a) That the Plaintiff's Complaint be dismissed on the grounds set forth above and all costs casts against the Plaintiff;

b) In the alternative, that judgment be granted in favor of Defendant on all counts;

c) That Defendant have a trial by jury, as the law provides; and

d) For such other and further relief that the Court deems just and proper.

This 14th day of October, 2021.

RUTHERFORD & CHRISTIE, LLP

/s/ Carrie L. Christie
Carrie L. Christie
Georgia State Bar No. 125248
Savannah L. Bowling
Georgia State Bar No. 240161
*Counsel for Defendant Diversified Maintenance Systems, LLC*

285 Peachtree Center Avenue NE
Marquis Two, Suite 1650
Atlanta, Georgia 30303
P: (404) 522-6888
F: (404) 522-0108
info@rclawllp.com
clc@rclawllp.com
slb@rclawllp.com